**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02192-REB-CBS

MARJORIE A. KESSLING, and
TRENTON H. PARKER,

    Plaintiffs,

v.

BRUCE T. BARKER, individually and in his official capacity,
STEPHANIE L. ARRIES, individually and in her official capacity,
BETHANY SALZMAN, individually and in her official capacity,
GARY SCHWARTZ, individually and his official capacity,
NICK MAEGHER, individually,
JOHN COOK, individually and in his official capacity, and
THE WELD COUNTY COMMISSIONERS, individually and in their official capacities,

    Defendants.

---

**ORDER CONCERNING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **Defendants Barker, Arries, Salzman, Schwartz, Cook and "The Weld County Commissioners'" Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 14) Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#16][1] filed December 30, 2011; and (2) the **Recommendation of United States Magistrate Judge** [#25] filed July 23, 2012, which addresses the motion to dismiss. Because no objections to the recommendation have been filed, I review it only for plain error. ***See Morales-Fernandez v. Immigration & Naturalization***

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

***Service***, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  I conclude that the recommendation should be adopted in part and rejected in part.

The plaintiffs are proceeding *pro se*. Thus, I have construed their pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

In their complaint [#1], the plaintiffs allege the defendants unlawfully subjected the plaintiffs to one or more unlawful and unconstitutional searches and seizures of private property belonging to or under the control of the plaintiffs.  According to the plaintiffs,

> on September 29, 2009, [defendants] Salzman, Schwartz and Maegher come onto the ranch property and conducted an unlawful search, seizure, inspection, investigation of ranch property and proceed photograph, film or video tape the ranch property and the office unit, feed storage unit, car, truck, tool shed, horse trailer, barn, storage container, tool truck, farm equipment or building supplies.

*Amended complaint* [#14], ¶ 14.  In addition, the plaintiffs allege that

> on September 29, 2009, the Defendants, by their concerted actions, did knowingly, intentionally, wantonly and willfully and with a reckless disregard for the civil and constitutional rights of the Plaintiffs, entered onto the subject ranch property described in "Paragraph 12" of the "Complaint," and conducted a search of the defendants' ranch property including the Plaintiff's private offices, storage trailers, recreational vehicles, tool trailers, cars, trucks and storage containers, and took pictures of the property and its contents without permission of the plaintiffs or any authorized agent of the plaintiffs and all in violations of state and federal law.  Furthermore, the Defendants did not have any form or type of search warrant issued by any court of law to cover their . . . acts . . . .

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  ***Morales-Fernandez***, 418 F.3d at 1122.

*Amended complaint* [#14], ¶ 16.

The magistrate judge concluded that the plaintiffs have not alleged facts sufficient to state a plausible claim that the defendants conspired to violate the plaintiff's constitutional rights. *Recommendation* [#25], pp. 6 - 8. I agree with the analysis and conclusion of the magistrate judge concerning the conspiracy claim.

In addition, the magistrate judge concluded that the plaintiffs have not alleged facts sufficient to support a claim under the Fourth Amendment independent of the conspiracy claim. *Id.*, p. 11 n. 2. Respectfully, I disagree with that conclusion. Based on the allegations quoted above, and related allegations in the plaintiffs' amended complaint, I conclude that the plaintiffs have alleged specific facts sufficient to state a plausible Fourth Amendment claim against defendants Bethany Salzman and Gary Schwartz.

On a related issue, the magistrate judge concludes that the individual defendants are entitled to qualified immunity because the allegations in the complaint do not state a claim for violation of the plaintiffs' constitutional rights. With regard to the Fourth Amendment claim against Ms. Salzman and Mr. Schwartz, I respectfully disagree. The facts alleged by the plaintiffs make out a plausible claim for violation of the plaintiffs' Fourth Amendment rights. The rights allegedly violated were clearly established at the time of the alleged misconduct. In this context, a motion to dismiss based on qualified immunity must be denied as to the Fourth Amendment claim against Ms. Salzman and Mr. Schwartz. **See, e.g., Leverington v. City of Colorado Springs**, 643 F.3d 719, 732 (10th Cir. 2011).

In paragraph 14 of their amended complaint, the plaintiffs allege that defendant

Nick Meagher participated in the unlawful September 29, 2009, search with Ms. Salzman and Mr. Schwartz.  However, according to the complaint, Mr. Meagher was a private person, and not a state actor, at the time of the search.  *Amended complaint*, ¶ 2.  A claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment can be asserted only against a state actor and cannot be asserted against a private person.  Thus, I conclude that the Fourth Amendment claim asserted against Mr. Meagher must be dismissed for failure to state a claim on which relief can be granted.

In addition, the magistrate judge recommends that the claims against Mr. Meagher be dismissed under FED. R. CIV. P. 4(m) because Mr. Meagher has not been served with a summons and the complaint within 120 days of the filing of the complaint.  I agree.  All claims against Mr. Meagher must be dismissed under Rule 4(m).

In the motion to dismiss, defendants Bruce Barker and Stephanie Arries assert the defense of prosecutorial immunity.  The magistrate judge recommends that all claims against Bruce Barker and Stephanie Arries be dismissed based on their assertion of prosecutorial immunity. I agree with the analysis of the magistrate judge on the issue of prosecutorial immunity.  Thus, all claims asserted against Mr. Barker and Ms. Arries must be dismissed.

The magistrate judge recommends also that the court decline to exercise supplemental jurisdiction over the plaintiffs' claim of "willful, wanton and outrageous conduct," as stated in the *Amended complaint* [#14], ¶ 20, if the court dismisses all of the plaintiffs' federal claims under § 1983.  The willful, wanton, and outrageous conduct claim is asserted against defendants Bethany Salzman, Bruce Barker, and Stephanie Arries.  All claims against Mr. Barker and Ms. Arries are subject to dismissal based on their prosecutorial immunity.  Thus, the only question is whether the court should

exercise supplemental jurisdiction over the willful, wanton, and outrageous conduct claim asserted against defendant Bethany Salzman.  Viewing the complaint as a whole and reading its allegations liberally, I conclude that the plaintiffs' have stated a viable outrageous conduct claim against Bethany Salzman.   Because one of the plaintiffs' federal claims remains viable, the court shall continue to exercise supplemental jurisdiction over the closely related outrageous conduct claim against Bethany Salzman.

On the several other issues addressed by the magistrate judge in the recommendation, I agree with the analysis and conclusions of the magistrate judge.  On those issues, I approve and adopt the recommendation of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#25] filed July 23, 2012, respectfully is **REJECTED** to the extent the magistrate judge recommends that the defendants' motion to dismiss be granted as to the plaintiffs' Fourth Amendment claim against defendants Bethany Salzman and Gary Schwartz;

2.  That the **Recommendation of United States Magistrate Judge** [#25] filed July 23, 2012, respectfully is **REJECTED** to the extent the magistrate judge recommends that the court decline to exercise supplemental jurisdiction over the outrageous conduct claim against Bethany Salzman;

3.  That the **Defendants Barker, Arries, Salzman, Schwartz, Cook and "The Weld County Commissioners'" Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 14) Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#16] filed December 30, 2011, is **DENIED** as to the plaintiffs' Fourth Amendment claim asserted against defendants Bethany Salzman and Gary Schwartz in their individual capacities;

4.  That the **Defendants Barker, Arries, Salzman, Schwartz, Cook and "The**

**Weld County Commissioners'" Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 14) Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#16] filed December 30, 2011, is **DENIED** as to the plaintiffs' outrageous conduct claim against Bethany Salzman;

    5. That otherwise, the **Recommendation of United States Magistrate Judge** [#25] filed July 23, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

    6. That otherwise, the **Defendants Barker, Arries, Salzman, Schwartz, Cook and "The Weld County Commissioners'" Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 14) Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1)** [#16] filed December 30, 2011, is **GRANTED**;

    7. That under FED. R. CIV. P. 12(b)(6), all claims asserted against the individual defendants in their official capacities are **DISMISSED** without prejudice;

    8. That the claims asserted against defendant Nick Meagher are **DISMISSED** without prejudice under FED. R. CIV. P. 4(m);

    9. That under FED. R. CIV. P. 12(b)(6), the Fourth Amendment claim against defendant Nick Meagher is dismissed without prejudice;

    10. That under FED. R. CIV. P. 12(b)(6), the claims asserted against defendants Bruce Barker and Stephanie Arries are **DISMISSED** without prejudice based on the assertion of prosecutorial immunity by these defendants;

    11. That under FED. R. CIV. P. 12(b)(6), and on the bases articulated by the magistrate judge in his recommendation [#25], all claims asserted against Bethany Salzman and Gary Schwartz, except the plaintiffs' Fourth Amendment claim against Bethany Salzman and Gary Schwartz and the plaintiffs' outrageous conduct claim against Bethany Salzman, are **DISMISSED** without prejudice;

12. That under F{ED}. R. C{IV}. P. 12(b)(6), and on the bases articulated by the magistrate judge in his recommendation [#25], all claims asserted against defendants John Cook and the Weld County Commissioners are **DISMISSED** without prejudice;

13. That defendants Bruce Barker, Stephanie Arries, Nick Meagher, John Cook, and the Weld County Commissioners are **DROPPED** as defendants in this action, and the caption of future pleadings and other filings shall be so **AMENDED**.

Dated August 30, 2012, at Denver, Colorado.

                                                    **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge