IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02192-REB-CBS

MARJORIE A. KESSLING, and
TRENTON H. PARKER,
    Plaintiffs,
v.

BETHANY SALZMAN, individually and in her official capacity, and
GARY SCHWARTZ, individually and in his official capacity,
    Defendants.

---

ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) Plaintiff, Mr. Parker's, "Motion to Amended [sic] Civil Rights Complaint for Violations of Plaintiff's Fourth Amendment Rights;" and (2) Mr. Parker's "Response and Motion to Withdraw Plaintiff's Second Amended Complaint; (2) Motion to Proceed with Discovery; (3) Motion to Set Trial Date; (4) Motion to Dismiss Plaintiff Kessling from this Case; (5) Motion for Summary Judgment; (6) Motion to Order Disclosure of Defendants' legal Fees and Expenses; (7) Notice of Weld County and District Court Proceedings; and (8) Motion to Allow Late Fil[ ]ing for Good Cause." Pursuant to the Order of Reference dated August 24, 2011 (Doc. # 2) and the memoranda dated November 14, 2012 (Doc. # 38) and January 16, 2013 (Doc. # 43), these matters were referred to the Magistrate Judge. The court having reviewed the Motions, Defendants' Responses (Docs. # 39, # 42), the proceedings held on December 1, 2011 and October 31, 2012, the pleadings, the entire case file, and the applicable law and being sufficiently advised in the premises, IT IS ORDERED that:

    1.    Mr. Parker's ". . . Motion to Allow Late Fil[ ]ing . . . " (filed January 8, 2013) (Doc. # 41) is GRANTED. Mr. Parker's Reply was due on January 4, 2013 (*see* Minute Order (Doc. # 40) and was filed on January 8, 2013.

2.     Mr. Parker's ". . . Motion to Withdraw . . ." (filed January 8, 2013) (Doc. # 41) is GRANTED.

3.     Mr. Parker's "Motion to Amended [sic] Civil Rights Complaint for Violations of Plaintiff's Fourth Amendment Rights" (filed November 13, 2012) (Doc. # 37) is WITHDRAWN.

4.     Mr. Parker's ". . .Motion for Summary Judgment . . ." (filed January 8, 2013) (Doc. # 41) is DENIED WITHOUT PREJUDICE as premature.

5.     Mr. Parker's ". . . Motion to Proceed with Discovery . . ." (filed January 8, 2013) (Doc. # 41) is GRANTED.  **A further Preliminary Scheduling Conference is hereby set on Friday, February 22, 2013 at 9:15 a.m.** before Magistrate Judge Craig B. Shaffer in Courtroom A-402, Fourth Floor of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado, 80294.

6.     Mr. Parker's ". . . Motion to Set Trial Date . . ." (filed January 8, 2013) (Doc. # 41) is DENIED WITHOUT PREJUDICE as premature.  A trial date will be set by District Judge Robert E. Blackburn at the conclusion of the Preliminary Scheduling Conference set on Friday, February 22, 2013 at 9:15 a.m.

7.     Mr. Parker's ". . . Motion to Order Disclosure of Defendants' Legal Fees and Expenses . . ." (filed January 8, 2013) (Doc. # 41) is DENIED.

Further, IT IS RECOMMENDED that:

1.     The Motion to Dismiss Party, Ms. Kessling, be GRANTED and Ms. Kessling be dismissed.[1]

---

[1]     Mr. Parker seeks to dismiss Ms. Kessling form the case and Defendants do not object. (*See* Doc. # 42 at 2 of 6, D.).  The court held a Preliminary Scheduling Conference on October 31, 2012, at which Ms. Kessling appeared via telephone.  (*See* Courtroom Minutes/Minute Order (Doc. # 36)). At that conference, Ms. Kessling requested to be dismissed from this civil action and stated that she would sign a stipulated motion to dismiss all of her claims.  (*See id.*).  As Defendants had filed an Answer, they sent Ms. Kessling a stipulation to dismiss, but have received no response from her.  (*See* Doc. # 42 at 2 of 6, D.).

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 16th day of January, 2013.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge