**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-02192-REB-CBS

TRENTON H. PARKER,

    Plaintiff,

v.

BETHANY SALZMAN, individually and in her official capacity, and
GARY SCHWARTZ, individually and in his official capacity,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

This matter is before me on the following:(1) **Defendants Salzman and Schwartz' Motion for Summary Judgment on Plaintiff's First Amended Complaint (ECF No. 14)** [#54][1] filed December 13, 2013; and (2) the corresponding **Recommendation of United States Magistrate Judge** [#64] filed May 28, 2014. I approve and adopt the recommendation, grant the motion for summary judgment, and dismiss this case.

The plaintiff is proceeding *pro se*. Thus, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See **Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(10th Cir. 1991).

No objections to the recommendations were filed. Thus, I review the recommendations only for plain error. **See Morales-Fernandez v. Immigration & Naturalization Service**, 418 F.3d 1116, 1122 (10th Cir. 2005).[2]  Finding no error, much less plain error, in the recommendation of the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

Trenton H. Parker is the sole remaining plaintiff in this case.  Still pending in this case are a Fourth Amendment claim against defendants, Bethany Salzman and Gary Schwartz, and a state law claim for outrageous conduct against Ms. Salzman.  As detailed by the magistrate judge, both claims are based on the entry of the defendants onto the real property in Weld County, Colorado.  This entry happened on September 29, 2009, and was related to the enforcement of county land use regulations.  Mr. Parker claims the defendants searched the property in violation of his rights under the Fourth Amendment.  Both defendants were acting as employees of Weld County when the entry happened.

As discussed by the magistrate judge, viewing the evidence in the record in the light most favorable to Mr. Parker, no reasonable fact finder could find that the defendants violated the Fourth Amendment rights of Mr. Parker.  On this basis, the defendants are entitled to summary judgment on the Fourth Amendment claim asserted against them in their official capacities.  Absent some demonstration that the defendants violated the Fourth Amendment rights of Mr. Parker, the defendants are entitled to qualified immunity as to the Fourth Amendment claim asserted against them in their

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter.  **Morales-Fernandez**, 418 F.3d at 1122.

individual capacities. *See, e.g., Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007). On these bases, the magistrate judge recommends correctly that the defendants are entitled to summary judgment on the Fourth Amendment claim of Mr. Parker.

The outrageous conduct claim asserted by Mr. Parker against Bethany Salzman is based on the September 29, 2009, entry onto the Weld County property.  Correctly, the magistrate judge concludes that Ms. Salzman is entitled to summary judgment on this claim.  When addressing an outrageous conduct claim,

> (a)s a threshold matter, the trial court must determine whether the proof of outrageousness is sufficient as a matter of law. The claim should be submitted to the jury only if reasonable persons could differ on whether the defendant's conduct was sufficiently outrageous. ***Coors Brewing Co. v. Floyd***, 978 P.2d 663, 665 (Colo.1999).

***Archer v. Farmer Bros. Co.***, 70 P.3d 495, 499 (Colo. Ct. App. 2002), *aff'd*, 90 P.3d 228 (Colo. 2004).  "Where it is clear to the court that the conduct complained of cannot be considered as rising to the egregious standard required, a claim for outrageous conduct is properly dismissed." ***Shackelford v. Courtesy Ford, Inc.***, 96 F.Supp.2d 1140, 1146 (D.Colo. 2000).  The September 29, 2009, entry onto the Weld County property described in the complaint and reflected in the evidence in the record does not rise to the egregious standard required.  On this basis, Ms. Salzman is entitled to summary judgment.  In addition, for the reasons cited by the magistrate judge, Ms. Salzman is entitled to summary judgment on this claim under the Colorado Governmental Immunity Act, §§24-10-101 - 24-10-120, C.R.S.

At a Preliminary Scheduling Conference on October 31, 2012, former plaintiff, Marjorie Kessling, asked that she be dismissed from this case.  *Order and Recommendation* [#45], p. 2 n. 1.  Neither Mr. Parker nor any of the defendants objected to her request.  In essence, Ms. Kessling voluntarily sought dismissal of her claims, and,

ultimately, her claims were dismissed. *Order* [#48]. Therefore, I do not address the claims of Ms. Kessling when entering judgment in this case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#64] filed May 28, 2014, is **APPROVED** and **ADOPTED** as an order of this court;

2. That **Defendants Salzman and Schwartz' Motion for Summary Judgment on Plaintiff's First Amended Complaint (ECF No. 14)** [#54] filed December 13, 2013, is **GRANTED**;

3. That consistent with this order and with the **Order Concerning Recommendation of the United States Magistrate Judge** [#26] filed August 30, 2012, **JUDGMENT SHALL ENTER** in favor of the defendants, Bruce T. Barker, Stephanie L. Arries, Bethany Salzman, Gary Schwartz, Nick Maegher, John Cook, and The Weld County Commissioners, against the plaintiff, Trenton H. Parker, on each of the claims asserted in the amended complaint [#14] filed December 9, 2011;

4. That the defendants are **AWARDED** their costs to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5. That this case is **CLOSED**.

Dated July 17, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge